Filed 4/22/26  P. v. Toscano CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN KAUKUKALA TOSCANO,<br><br>    Defendant and Appellant. | A172182<br><br>(Contra Costa County<br>Super. Ct. No. 05009211517) |

In 1992, defendant Benjamin Toscano pled guilty to second degree murder for a killing he committed when he was 17 years old.  After being found unsuitable for commitment to a juvenile facility, he was sentenced to 15 years to life in prison.

Nearly 30 years later, Toscano filed a petition for resentencing under Penal Code[1] former section 1170.95, now section 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.).  (See *People v. Hin* (2025) 17 Cal.5th 401, 441.)  After an evidentiary hearing, the trial court denied the petition, finding that Toscano was still guilty of murder under current law as "the actual killer."  (§§ 189, subd. (e)(1), 1172.6, subd. (d)(3).)

---

[1] All further statutory references are to the Penal Code.

Toscano appealed from the denial of his resentencing petition. His appointed appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*) stating that there are no arguable issues. Under *Delgadillo*, we gave Toscano notice that he had a right to file a supplemental brief or his appeal could be dismissed. (See *id.* at pp. 231–232.)

Toscano filed a supplemental brief raising numerous claims, including various evidentiary issues and ineffective assistance of counsel. We reject all of his claims and affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are drawn primarily from the challenged order's summary of the evidence presented at the evidentiary hearing on the resentencing petition. On December 15, 1991, Toscano, 22-year old Harold Spiller, and two other acquaintances, all of whom were affiliated with the Norteño street gang, were in a car together in Richmond. Spiller was driving, and he and the other two men agreed that Toscano was sitting in the car's right rear passenger's seat. As the car approached a liquor store, several members of the rival Sureño street gang "exchange[d] . . . words" with the car's occupants. Toscano produced a shotgun and fired it toward the other group, killing the victim, Alejandro Cervantes. Toscano then fled the scene.

Before the police arrived, the three men remaining in the car "agreed to cover for Toscano by blaming the shooting on an '[a]lbino' who was . . . with them." During their police interviews, all three initially reported that an albino or white man was the shooter, but all three ultimately independently admitted that it was actually Toscano. Another eyewitness, who also knew Toscano, testified at the evidentiary hearing that he could not see anything because he was hiding. Soon after the killing, however, this witness told the

police that Toscano was the shooter, having seen him in the car's back seat holding a shotgun when the shots were fired.

A Richmond police officer, Terry Hudson, happened to be at the scene when the shooting occurred. He saw "a long gun that was protruding from the left rear passenger window of the car and was discharged once or twice." After observing someone flee from the right rear passenger seat, Officer Hudson "broadcast on his radio to other officers that the fleeing suspect was a black man" (Toscano is not Black). The officer did not pursue the person running, testifying that "he was trying to focus his attention on the three persons who remained in the car." Upon investigation, Officer Hudson found a shotgun in the car's rear seat that "was positioned . . . with its muzzle pointing toward the left rear window."

In April 1992, Toscano was charged with murder, and it was alleged that he intentionally caused death by discharging a firearm from a vehicle and committed the crime with the intent to benefit a street gang.[2] Toscano pled guilty to second degree murder and admitted the gang enhancement. That November, the trial court struck the gang enhancement and sentenced him to 15 years to life in prison.

Toscano filed a petition for resentencing under former section 1170.95 in January 2022. On a form, he checked boxes indicating that he met all the statutory requirements for relief, including that he "could not presently be convicted of murder . . . because of changes made to . . . [sections] 188 and 189, effective January 1, 2019." (See § 1172.6, subd. (a).) The prosecution

---

[2] The murder was charged under section 187, the firearm enhancement was alleged under former section 12022.55, and the gang enhancement was alleged under former section 186.22, subdivision (b)(1). Spiller was sentenced to five years in prison for his involvement after he pled guilty to being an accessory after the fact under section 32 and admitted a gang enhancement.

opposed the petition, arguing that Toscano was ineligible for relief because he was the actual killer and was not convicted under a now-invalid theory of murder. The trial court found that "a summary denial of the motion was not possible without resorting to judicial fact-finding" and issued an order to show cause. (See § 1172.6, subd. (c).)

An evidentiary hearing was held under section 1172.6, subdivision (d), at which several witnesses testified, including Officer Hudson, Spiller, and the other two men who were in the car. The trial court found that the evidence established beyond a reasonable doubt that Toscano was the actual killer of Cervantes and denied the resentencing petition. In doing so, the court rejected Toscano's attempts to undermine the credibility of the men who were with him. The court also rejected Toscano's "alternative theory" that "some unknown African-American male" was the shooter, finding that Officer Hudson's broadcast description was "not very reliable" given the officer's limited opportunity to observe the suspect.

## II.
### DISCUSSION

In his supplemental brief, Toscano raises 13 points that he wishes us to consider. For the most part, he fails to identify evidence in the record supporting his claims or develop them sufficiently to demonstrate they have legal merit. (See *People v. Holford* (2012) 203 Cal.App.4th 155, 186 [claims unsupported by "reasoned argument or citation to authority" are forfeited].) We conclude that none of Toscano's points entitle him to relief in this appeal.

We begin by addressing various claims that relate to a Sergeant Brown, who was apparently the investigating officer and conducted at least some of the witness interviews in the early 1990's. Toscano contends that the sergeant "fabricated his police report" because the report omitted statements the sergeant made to witnesses that improperly suggested Toscano was the

4

shooter.  As no police report was introduced into evidence, we are unable to evaluate this contention.

Toscano also complains that his counsel below failed to call Sergeant Brown as a witness or present certain articles about the sergeant's malfeasance that the defense investigation supposedly uncovered.  But Toscano does not attempt to demonstrate that the failure to call Sergeant Brown amounted to ineffective assistance of counsel or explain why the sergeant's testimony might have affected the result, and the record fails to demonstrate that counsel had access to other impeachment evidence she failed to present.  Similarly, the record does not support Toscano's claim that Sergeant Brown made mistakes and told lies involving the sergeant's interview of another witness, Magdalena B., who did not testify at the hearing either.  Indeed, Toscano does not specify what Magdalena B. said to the police or otherwise explain why she had relevant information, meaning we reject his claim that she likewise should have been called to testify.

Turning to another police officer, Toscano contends that Officer Hudson "attempted to alter" the recording in which he stated that he saw a Black male fleeing the car, exposing the officer to perjury charges and other sanctions.  There is no evidence in the record that Officer Hudson did what Toscano claims, and in any event the trial court was aware of the officer's statement about the shooter's race when it ruled.  Although Toscano claims the court "refused to address impeachment issues at the evidentiary hearing," the court's order explicitly addressed several such issues, and he fails to identify any particular evidence the court supposedly overlooked.

Toscano also complains about other aspects of the proceedings without demonstrating that they entitle him to relief.  For example, Toscano states that despite evidence that Spiller was the shooter, the 1992 prosecution went

5

forward because Spiller was a witness for the original prosecutor and Sergeant Brown in another case. Nothing in the record supports this claim. Toscano also contends that the judge and attorneys below "were having secret meetings/collusions about [his] case without [his] consent or knowledge," but he does not point to any evidence that this occurred or explain what relief he seeks as a result. Similarly, Toscano objects that he never received his case documents despite asking for them, but he does not provide any proof or explain why his lack of access to records matters for purposes of this appeal.

Finally, Toscano makes vague claims about the performance of his counsel in 1992 and during the current proceedings. He cursorily states that his counsel in 1992 and his counsel below "provided ineffective assistance of counsel." But this appeal concerns only the denial of Toscano's resentencing petition, meaning his original counsel's performance is not before us, and he does not identify any supposedly deficient performance by his counsel below beyond that we have already addressed.[3] Toscano also claims that his appellate counsel overlooked case law recognizing a section 1172.6 petitioner's right to exculpatory evidence in police officer personnel files (see *People v. Nuno* (2024) 105 Cal.App.5th 1030, 1038), but he does not explain how such authority supports any claim he might now raise.

In short, none of the points that Toscano raises in his supplemental brief suggest that the trial court erred in denying his resentencing petition on the basis that he was the actual killer. As a result, we conclude he is not entitled to relief. (See *Delgadillo, supra,* 14 Cal.5th at p. 232.)

---

[3] After initiating this appeal, Toscano filed a petition for a writ of habeas corpus based on ineffective assistance of the attorney who represented him during the 1992 proceedings. (*In re Benjamin Toscano* (A175737).) This division summarily denied the petition on April 16, 2026.

6

## III.
### DISPOSITION

The November 14, 2024 order denying Toscano's petition for resentencing is affirmed.

_____

Humes, P. J.


WE CONCUR:


_____

Langhorne Wilson, J.


_____

Smiley, J.


*People v. Toscano*  A172182

8